[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 5, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15217
Non-Argument Calendar
_____

Agency No. A79-453-393

YAN YAN WANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 5, 2006)

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Yan Yan Wang, a native and citizen of China, proceeding pro se, petitions this court for review of the final order of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") order denying her asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231, and the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).[1] On appeal, Wang argues that the IJ's adverse credibility findings and denial of her asylum, withholding of removal, and CAT claims were not supported by substantial evidence. For the reasons that follow, we deny her petition.

## I. Background

Wang arrived in the United States without valid entry documents, and the Immigration and Naturalization Service ("INS") charged her with removability under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). During her initial interview upon arrival in the United States, Wang stated that she came to the United States for school and because the Chinese government would not permit her to marry her boyfriend because of her age. Officials again interviewed Wang at the processing center, at which point an immigration officer found that Wang had a credible fear of persecution based on her inability to marry her boyfriend and her

---

[1] Wang also requests that this court review her motion to reopen. The record does not reveal, however, that Wang has filed such a motion.

fear that she would be arrested and forced to have an abortion in the event she became pregnant. She further stated that in June 2002, she had received notice from the government that she must visit the family planning clinic for placement of an intrauterine device ("IUD") for contraception.

Wang applied for asylum, withholding of removal and CAT relief. In her application, she indicated that she had been persecuted because she was not allowed to marry until she reached the legal age, she had been forced to undergo an abortion, and the local family planning clinic planned to place an IUD in her.

At her hearing before the IJ , Wang conceded removability and testified as follows: She was twenty-two years old and single, and she had lived with her parents before leaving China. She did not work because she could not find a job. Wang had a boyfriend in China, but they had not been permitted to marry because they were underage. When she went for her routine examination at the local family planning clinic in March 2002, she learned she was pregnant. At that time, she was forced to undergo an abortion. Four people tied her hands and feet and performed the abortion without administering anesthesia. Wang cried and screamed during the procedure. Following the procedure, she was ordered to return in one week for placement of an IUD. When she failed to return, officials warned her parents that she must visit the clinic and accept the IUD, so Wang fled

3

China. She does not know what would happen to her if she returned to China, but she fears she would be jailed.

Wang admitted that she did not mention the abortion when she was first interviewed upon arriving in the United States, but she explained that she had been very nervous and afraid because the interviewer was a man. Wang told the IJ that she was living with a cousin, but she could not remember the cousin's name or gender. Nor could she recall the name of her employer.

The IJ denied relief, noting that although a forced abortion would qualify an alien as a refugee, Wang lacked credibility in light of the inconsistencies in her testimony. Specifically, the IJ noted the differences in the statements Wang gave at the airport, the processing center and the hearing as well as Wang's inability to recall the names of her cousin and employer. The IJ also noted that although Wang initially stated that she had lived with her parents before leaving China, she later claimed to have resided with her boyfriend in China. Finally, the IJ noted that Wang had provided conflicting information regarding when and how she had received notice to report for insertion of an IUD. Wang appealed to the BIA, arguing that she was denied a full and fair hearing, that the IJ erred in his credibility findings, and that her testimony established eligibility for relief. The BIA dismissed the appeal, adopting and affirming the IJ's findings, but declining

4

to address Wang's inability to recall the names of her cousin and employer. The BIA further concluded that Wang had received a full and fair hearing.

## II. Discussion

Wang argues that the IJ erred in denying her asylum and withholding of removal because she testified honestly and fears she will be punished if she returns to China.

We "review only the [BIA]'s decision, except to the extent that it expressly adopts the IJ's opinion." Huang v. U.S. Att'y Gen., 429 F.3d 1002, 1008 (11th Cir. 2005). We review the IJ's legal determinations de novo, D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004), and his factual findings, including determinations of credibility, under the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under the substantial evidence test, we will "affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). That evidence in the record may support a contrary conclusion is not enough to justify reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 2245 (2005). We give pro

se litigants more freedom during legal proceedings than we generally give litigants with counsel. See Lorisme v. INS, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

"If the applicant produces no evidence other than his testimony, an adverse credibility determination is alone sufficient to support the denial of an asylum application." Forgue, 401 F.3d at 1287 (citing D-Muhumed, 388 F.3d at 819). Here, the IJ determined that Wang's testimony was not credible due to inconsistencies between her statements at the interviews, in her asylum application and at the hearing. This finding is supported by substantial evidence because these inconsistencies go to the heart of Wang's claim, the alleged basis of her fear of persecution. Specifically, upon arriving in the United States, Wang informed immigration officials that she had come here to attend school and because she was not permitted to marry her boyfriend. At the processing center, she stated that she left China because she was not permitted to marry and because she feared that government officials would implant an IUD or force her to undergo an abortion if she became pregnant. She did not mention that she had been forced to undergo an abortion until she submitted her asylum application and appeared at her hearing.

Wang did not submit any medical documents or affidavits to corroborate her claims. In fact, the only corroborating evidence she submitted was a copy of the 2003 Country Report for China, which confirms that China uses strict birth control

6

policies such as forcing women to accept IUD placement, refusing to permit unwed women to have children, and forcing women to undergo abortions in the event of an unplanned pregnancy. Although this evidence supports the possibility of the persecution Wang alleges, it is not specific to Wang and does not corroborate her claim that she was forced to undergo an abortion.

Given the above-mentioned inconsistencies and Wang's failure to produce evidence corroborating her claims, the record does not compel reversal of the IJ's adverse credibility determination. See Forgue, 401 F.3d at 1287. Thus substantial evidence supports the IJ's determination that Wang failed to establish her eligibility for asylum, and, because she has failed to do so, she likewise has failed to establish eligibility for withholding of removal and CAT relief. See Al Najjar, 257 F.3d at 1292-93. Accordingly, we deny her petition for review.

PETITION DENIED.